1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8       **FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| KATHERINE WRIGHT, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>KELLY SERVICES, INC., a foreign profit corporation doing business as KELLY SERVICES; KELLY SERVICES GLOBAL, LLC, a foreign limited liability company; KELLY SERVICES USA, LLC, a foreign limited liability company; and DOES 1-20,<br><br>            Defendants. | Case No. _____<br><br><br><br>**DEFENDANTS KELLY SERVICES, INC., KELLY SERVICES GLOBAL, LLC, AND KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL OF CIVIL CLASS ACTION TO THE UNITED STATES DISTRICT COURT** |

Notice of Removal
Case No.

Page 1

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

**TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants KELLY SERVICES, INC., KELLY SERVICES GLOBAL, LLC and KELLY SERVICES, KELLY SERVICES USA, LLC, hereby remove *Katherine Wright v. Kelly Services, Inc., Kelly Services Global, LLC, and Kelly Services USA, LLC*, Case No. 24-2-19175-5 SEA, filed in the Superior Court of the State of Washington, for King County, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§ 1441(a), 1446, and 1453.

## I. BACKGROUND

1. On August 23, 2024, Plaintiff KATHERINE WRIGHT ("Plaintiff") filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of Washington, King County, entitled *Katherine Wright v. Kelly Services Global, LLC, et al.,* Case No. 24-2-19175-5 SEA. Plaintiff purports to assert a cause of action against Kelly Services, Inc. ("KSI"), Kelly Services Global, LLC ("KSG"), and Kelly Services USA, LLC ("KSU") (collectively, "Kelly" or "Defendants") for alleged violations of the State of Washington's Equal Pay and Opportunities Act ("EPOA"), as codified under the Revised Code of Washington §§ 49.58.110 *et seq.* (Ex. A, Plaintiff's Class Action Complaint ("Compl.").)

2. Plaintiff bases her claims on alleged violations of the pay scale disclosure requirements set forth under the EPOA. Specifically, Plaintiff claims that Kelly violated the EPOA by allegedly failing to disclose wage scales or salary ranges in covered job postings within the State of Washington. (*Id.* ¶¶ 10-64.)

3. In the Complaint, Plaintiff seeks to represent a putative class (the "Class") consisting of "all individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Kelly Services, Inc.; Kelly Services Global, LLC; or Kelly Services USA, LLC where the job posting did not disclose a wage scale or salary range." (*Id.* ¶ 42.) The class period, pursuant to Plaintiff's definition of the putative class, would extend from January 1, 2023, to present.

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 2

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

## II. PROCEDURAL REQUIREMENTS

4. Under 28 U.S.C. §§ 1446(b), a defendant may remove a civil action within 30 days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. On August 26, 2024, Defendants were served with the Complaint. (*See* Ex. B; *see also* Declaration of Leslie Murphy in Support of Kelly's Notice of Removal, filed concurrently herewith ("Murphy Decl.") ¶ 9.) Accordingly, this Notice is timely filed, pursuant to 28 U.S.C § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(d), Kelly promptly will give Plaintiff written notice of the filing of this Notice of Removal in this Court and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Washington for King County. Copies of all process, pleadings, and orders served upon Kelly are attached as required by 28 U.S.C. § 1446(a). (*See* Exs. A-C, Complaint, Summons, and Remaining State Court Filings.) Pursuant to LCR 101(c), Kelly verifies there are no other records or proceedings in state court.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1441(a) because the complaint was filed in the Superior Court of the State of Washington, for King County, which is located within this District. As Plaintiff admits in her Complaint, venue in King County is proper. (*See* Ex. A, Compl. ¶¶ 13, 15.)

7. <u>Intradistrict Assignment</u>: Pursuant to LCR 3(e)(1), assignment to the Seattle Division of this District is appropriate because the Complaint was filed in the Superior Court of the State of Washington, for King County. Kelly reserves, and does not waive, any objections it may have to service, jurisdiction, or venue, and any and all other defenses or objections in this action.

## III. CLASS ACTION FAIRNESS REMOVAL

8. This Court has original subject matter jurisdiction over this action under the CAFA, codified in relevant part at 28 U.S.C. § 1332(d)(2), because: (1) the action involves 100 or more putative class members; (2) at least one putative class member is a citizen of a state different from that of at least one defendant; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5), & (d)(6).

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 3

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

9. Under the CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (holding a notice of removal "need not contain evidentiary submissions"). Rather, "[a] defendant's notice of removal needs to include only a plausible allegation that the jurisdictional facts exist." *Id.* at 89. Evidence is required "only when plaintiff contests, or the court questions the defendant's allegation." *Id.* Accordingly, Kelly reserves its rights to supplement and amend this Notice to the extent necessary.

10. The United States Supreme Court in *Dart Cherokee* held that "no anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that the "CAFA should be read with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* Following *Dart Cherokee*, the Ninth Circuit has directed district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC,* 781 F.3d 1178, 1184 (9th Cir. 2015); *see Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (holding that courts may not remand where notice of removal plausibly alleges the basis for removal).

### A. The Putative Class Exceeds 100

11. While Kelly denies that certification of any class is appropriate, as required under the CAFA, the number of putative class members in this action is greater than 100. 28 U.S.C. § 1332(d)(5)(B). Kelly estimates that approximately 10,260 individuals applied for at least one job in the State of Washington during the relevant time period. (*See* Murphy Decl. ¶ 12.)

### B. Plaintiff And Defendants Are Minimally Diverse

12. The CAFA requires only minimal diversity for purposes of establishing federal jurisdiction. That is, at least one putative class member must be a citizen of a state different from any named defendant. *See* 28 U.S.C. § 1332(d)(2)(A). In this case, Plaintiff is a citizen of a state (Washington) that is different from the state of citizenship of KSG (Michigan), KSI (Delaware and Michigan), and KSU (Michigan). (*See* Murphy Decl. ¶¶ 3-8.)

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 4

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

### 1. Plaintiff Is A Citizen Of Washington

13. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *see Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (holding that, where complaint alleges plaintiff resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").

14. Plaintiff alleges that she is a citizen of Washington. (Ex. A., Compl. ¶ 15.) In addition, based on Plaintiff's allegations and Company records, Plaintiff was a resident of the State of Washington throughout the course of her purported job application via Kelly's platform and placement services. (Murphy Decl. ¶ 8.) Accordingly, on information and belief following a reasonable investigation, Plaintiff is a citizen of the State of Washington.

### 2. Defendants Kelly Services Global, LLC, Kelly Services USA, LLC, And Kelly Services, Inc. Are Not Citizens Of Washington

15. Plaintiff names Kelly Services Global, LLC, Kelly Services USA, LLC, and Kelly Services, Inc. as defendants. As a general rule, a limited liability company is a citizen of every state of which its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. . . . [A]n LLC is a citizen of every state of which its owners/members are citizens.").

16. For purposes of the CAFA's minimal diversity requirement, however, an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see*

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 5

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

*Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes"); *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) (LLC is properly considered an "unincorporated association" within the meaning of § 1332(d)(10) "and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business"); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("28 U.S.C. § 1332(d)(10) ... departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members . . . . Congress carefully inserted into [CAFA] the changes it intended and did not mean otherwise to alter the jurisdictional terrain.").

17. A corporation's principal place of business for diversity purposes is normally "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). In *Hertz*, the U.S. Supreme Court held that the "principal place of business" of a corporation is best interpreted as a corporation's "nerve center," which "ordinarily equates . . . with a corporation's headquarters." *Id.* The Court explained that "in practice [the nerve center] should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 1192-93; *see id.* at 1195 (distinguishing situation where alleged "nerve center" is "nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat").

18. For removal purposes, citizenship is measured both when the action is filed and when it is removed. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter*, 265 F.3d at 857.

19. At all times since Plaintiff commenced this lawsuit, Kelly Services Global, LLC has been a limited liability company formed under the laws of the State of Michigan with its principal place of business in the State of Michigan. (Murphy Decl. ¶¶ 3-4.) Kelly Services Global, LLC has

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 6

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

maintained its corporate headquarters in Troy, Michigan. (*Id.* ¶ 4.) Its corporate executives, including its senior leadership team, have been and continue to be located in Michigan, have maintained and continue to maintain their offices in Michigan, and have performed and continue to perform their primary duties and job functions in Michigan. (*Id.*) Because Kelly Services Global, LLC was formed under the laws of the State of Michigan and maintains its principal place of business in the State of Michigan, it is not a citizen of the State of Washington

20. At all times since Plaintiff commenced this lawsuit, Kelly Services USA, LLC was formed under the laws of the State of Michigan with its principal place of business in the State of Michigan. (Murphy Decl. ¶¶ 5-6.) Kelly Services USA, LLC has maintained its corporate headquarters in Troy, Michigan. (*Id.* ¶ 6.) Its corporate executives, including its senior leadership team, have been and continue to be located in Michigan, have maintained and continue to maintain their offices in Michigan, and have performed and continue to perform their primary duties and job functions in Michigan. (*Id.*) Because Kelly Services USA, LLC was formed under the laws of the State of Michigan and maintains its principal place of business in the State of Michigan, it is not a citizen of the State of Washington.

21. At all times since Plaintiff commenced this lawsuit, Kelly Services, Inc. has been incorporated under the laws of the State of Delaware with its principal place of business in the State of Michigan. (Murphy Decl. ¶¶ 7-8.) Kelly Services, Inc. has maintained its corporate headquarters in Troy, Michigan. (*Id.* ¶ 8.) Its corporate executives, including its senior leadership team, have been and continue to be located in Michigan, have maintained and continue to maintain their offices in Michigan, and have performed and continue to perform their primary duties and job functions in Michigan. (*Id.*) Because Kelly Services, Inc. was formed under the laws of the State of Delaware and maintains its principal place of business in the State of Michigan, it is not a citizen of the State of Washington.

22. Accordingly, the CAFA's diversity requirement is satisfied because at least one class member – here, Plaintiff – and Defendants Kelly Services Global, LLC, Kelly Services USA, LLC, and Kelly Services, Inc. are citizens of different states.

### 3. Doe Defendants Have No Bearing On Diversity Jurisdiction

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 7

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

23. Pursuant to 28 U.S.C. §§ 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See, e.g.*, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[C]itizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Thus, the existence of Doe Defendants 1 through 20 does not deprive this Court of jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 n.4 (9th Cir. 2006).

### C. The Amount In Controversy Exceeds The Statutory Minimum

24. Under the CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. Rep. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case. . . . Overall, [the] new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

25. To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must make only a plausible claim that the amount in controversy exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Where, as here, Plaintiff does not plead a specific amount of damages, a defendant need only "plausibly show that it is reasonably possible that the potential liability exceed $5 million." *Greene v. Harley-Davidson*, 965 F.3d 767, 772 (9th Cir. 2020). A defendant can establish the amount in controversy by "providing

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 8

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

only a short and plain statement of the grounds for removal." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

26. As the Ninth Circuit has explained, "the amount in controversy is the 'amount at stake in the underlying litigation,'" which "does not mean likely or probable liability; rather, it refers to possible liability." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis omitted)). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017). Indeed, "[t]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Wise v. Long*, 668 F. Supp. 3d 1145, 1151 (W.D. Wash. 2023), *reconsideration denied sub nom. Wise v. Gov't Emps. Ins. Co.*, No. 3:23-CV-05111-RJB, 2023 WL 3568510 (W.D. Wash. May 19, 2023) (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018)).

27. As the U.S. Supreme Court has explained, a defendant's amount-in-controversy allegations on removal are entitled to the same weight given those alleged by a plaintiff in its pleadings. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88. As a result, the effect of any affirmative defenses potentially reducing the amount in controversy cannot be considered when determining federal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010); *Scherer v. Equitable Life Assur. Soc.*, 347 F.3d 394, 397-398 (2d Cir. 2003) (holding that affirmative defenses may not be used to "whittle down the amount in controversy"); *Lara v. Trimac Transp. Servs. (Western), Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum.").

28. Because Plaintiff has not alleged a particular dollar figure regarding the relief sought, reasonable estimates of the alleged amount in controversy are appropriate. *See Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *2-3 (C.D. Cal. 2015) ("Removing defendants will inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 9

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

Plaintiff's case for him by proving the actual rates of violation."). Moreover, where a plaintiff alleges a "uniform" illegal practice, or similar language, and the plaintiff offers no evidence to suggest less than uniform violations, courts have found that the amount in controversy can be satisfied by assuming a 100% violation rate. *See, e.g.*, *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. 2017) (holding that, given plaintiff's allegations describing a uniform practice, and failure to include any modifying language to suggest less than uniform violations, the defendant "would be justified in using a 100% violation rate"); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *2-3 (C.D. Cal. 2015) ("Removing defendants will inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

29. While Kelly denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000, exclusive of interest and costs. Kelly bases all calculations supporting the amount in controversy on the Complaint's allegations (along with other documents identified herein) assuming, without any admission, the truth of the allegations (which Kelly disputes). Likewise, although Kelly bases these calculations on the assumption of a putative class, Kelly in no way indicates or concedes that class treatment is appropriate in this case, that Plaintiff has standing to represent any class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Kelly expressly reserves the right to challenge Plaintiff's claims, adequacy, and standing to represent any class, Plaintiff's class definition, Plaintiff's ability to meet the requirements of Rule 23, and the calculation of damages or any other monetary relief in all respects.

30. Plaintiff alleges that, from January 1, 2023, to the present, Plaintiff and other individuals applied to job openings with Defendants for positions located in Washington "where the postings did not disclose the wage scale or salary range being offered." (Compl. ¶ 24.) Further, he alleges that, "[d]espite RCW 49.58.110 becoming effective January 1, 2023, Defendants continue to withhold pay information in some, if not all of their job postings for Washington-based positions." (*Id.* ¶ 24.) Plaintiff contends that such alleged refusal to post a wage scale or salary range in job postings "is a violation . . . as defined by RCW 49.58.110." (*Id.* ¶ 26.)

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 10

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

31. The statute provides a private right of action for actual damages, statutory damages equal to the actual damages or $5,000.00, whichever is greater, as well as interest on compensation owed, and costs and reasonable attorneys' fees. *See* RCW 49.58.070. Plaintiff expressly seeks "statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110" (Ex. A., Compl. ¶ 58), rather than actual damages (*id.* ¶ 55).

32. As noted above, Kelly estimates that approximately 10,260 individuals applied for at least one job in the State of Washington during the relevant time period. (*See* Murphy Decl. ¶ 12.) Assuming approximately 10,260 individual job applicants, given Plaintiff's request for statutory damages of $5,000 per individual, Plaintiff alleges an amount in controversy of approximately $51,300,000 (10,260 x $5,000 = $51,300,000).

33. Even assuming that "some" of the job postings for Washington-based positions did not disclose the wage scale or salary range being offered, per Plaintiff's alternative allegation (Compl. ¶ 24 (referring to "some, if not all, of the job postings")), the amount in controversy remains easily satisfied. If 50% of the alleged job postings "did not disclose the wage scale or salary range" as Plaintiff alleges, Plaintiff's allegations put more than $25,000,000 in controversy (10,260 x $5,000 x 50% = $25,650,000). Indeed, even if Plaintiff alleges that only 10% of the alleged job postings "did not disclose the wage scale or salary range" for purposes of his Complaint, his allegations put more than $5,000,000 in controversy (10,260 x $5,000 x 10% = $5,130,000).

34. In addition, Plaintiff's request for attorneys' fees is properly included in determining the amount in controversy. *See, e.g., Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (concluding that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met). The EPOA authorizes the recovery of costs and reasonable attorneys' fees in connection with alleged violations of the act. RCW 49.58.070. For purposes of removal, the Ninth Circuit has held that a 25 percent recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (citation omitted). Where, as here, the amount Plaintiff has placed in controversy easily satisfies CAFA's minimum requirement, attorneys' fees need not be assessed in detail.

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 11

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

35. Although Kelly denies Plaintiff's allegations that she or any purported job applicant or member of the putative class are entitled to any relief for the above-mentioned claim, based on the forgoing calculations, the aggregate amount in controversy for the putative class for the asserted claims, exclusive of attorneys' fees, interest, or costs, is approximately **$51,300,000.00.**

36. As set forth above, the amount Plaintiff has placed in controversy easily satisfies CAFA's $5,000,000 requirement.

## IV. VENUE

37. Venue lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(d). This action originally was brought in the King County Superior Court of the State of Washington, which is located within the Western District of Washington. 28 U.S.C. § 84(d). Therefore, it is properly removed to this District.

## V. NOTICE OF REMOVAL TO STATE COURT AND TO PLAINTIFF

38. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the King County Superior Court of the State of Washington, as required under 28 U.S.C. § 1446(d).

## VI. PRAYER FOR REMOVAL

**WHEREFORE,** Defendants Kelly Services Global, LLC, Kelly Services USA, LLC, and Kelly Services, Inc. pray that this civil action be removed from the King County Superior Court of the State of Washington to the United States District Court for the Western District of Washington.

**Dated: September 24, 2024**          **DUANE MORRIS LLP**

By   /s/ Daniel B. Heidtke
Daniel B. Heidtke, WSBA No. 51034
DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104
Telephone: +1 512 277 2300
Email: DBHeidtke@duanemorris.com

Gerald L. Maatman, Jr. (application *pro hac vice* to be submitted)
Jennifer A. Riley (application *pro hac vice* to be

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 12

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

submitted)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: +1 312 499 6710
Email: GMaatman@duanemorris.com
Email: JARiley@duanemorris.com

*Counsel for Defendants*
KELLY SERVICES, INC.;
KELLY SERVICES GLOBAL, LLC; and
KELLY SERVICES USA, LLC

Notice of Removal
Case No.
H:\Wright v. Kelly\Notice of Removal.docx

Page 13

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through the Court's CM/ECF and/or e-filing system on September 25, 2024 and served on counsel of record via e-mail and by US Mail.

/s/ *Daniel B. Heidtke*
Daniel B. Heidtke

Notice of Removal
Case No.
DM2\20162643.8

Page 14

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104