UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE WRIGHT,

                Plaintiff,

       v.

KELLY SERVICES, INC., *et al.*,

                Defendants.

CASE NO. 2:24-cv-01532-RSL

ORDER OF REMAND

This matter comes before the Court on "Plaintiff's Motion to Remand." Dkt. # 29. Plaintiff filed this class action in King County Superior Court alleging that defendants violated the pay transparency requirements of Washington's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58. Defendants timely removed under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Plaintiff seeks remand, arguing that defendants have failed to show that plaintiff suffered an injury or harm sufficient to establish Article III standing. Having reviewed the memoranda submitted by the parties[1] and having surveyed the relevant case law, the Court finds as follows:

EPOA promotes pay equity in Washington State by addressing business practices that contribute to income disparities. On January 1, 2023, a provision took effect that requires certain employers to disclose in each job posting the available position's wage

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER OF REMAND - 1

scale/salary range and a general description of other compensation and benefits. RCW 49.58.110. Job applicants are permitted to seek statutory damages of $5,000 for violations. RCW 49.58.110(4). Within a few months of the provision's effective date, plaintiffs represented by Emery Reddy, PLLC, filed a series of putative class-action lawsuits against various companies who had posted jobs that were not compliant with the pay transparency provision. This case is one of multiple EPOA lawsuits filed in King County Superior Court and subsequently removed to this Court by the named defendants.

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). Whether plaintiff has Article III standing to proceed with this lawsuit implicates the Courts subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).

When the first of these EPOA cases were removed to federal court, the defendants immediately filed motions to dismiss for lack of subject matter jurisdiction, arguing that the plaintiffs' general allegations of wasted time and an inability to evaluate, negotiate, and/or compare pay were not concrete and particularized harms that satisfied Article III's case and controversy requirement. *See, e.g.*, *Atkinson v. Aaron's LLC*, 733 F. Supp.3d 1056 (W.D. Wash. 2024). In that context, the Honorable Barbara J. Rothstein, United

ORDER OF REMAND - 2

States District Judge, agreed. Judge Rothstein concluded that while a technical or procedural violation of the pay transparency requirements may entitle a job applicant to statutory damages under EPOA, a person applying for an available position is not actually harmed or exposed to a risk of actual harm from the violation unless he or she applied for the job with a good-faith intent to seek employment (as opposed to simply seeking a cause of action). *See, e.g.*, *Spencer v. Jeld-Wen Inc.*, No. 23-cv-1757-BJR, 2024 WL 4566581, at *2 (W.D. Wash. Oct. 24, 2024); *Atkinson*, 733 F. Supp.3d at 1071. In the absence of standing, Judge Rothstein found that the district court lacked subject matter jurisdiction over the claims. She declined to dismiss the cases, however, instead remanding the matters so the state courts could determine whether the allegations adequately stated a cause of action under EPOA.

More recently, plaintiffs whose EPOA claims were removed have taken the initiative to seek remand. In that context, six other judges in this district have followed Judge Rothstein's analysis and granted motions to remand. *Hill v. Spirit Halloween Superstores LLC*, No. 2:24-cv-01644-TSZ, 2024 WL 5117460 (W.D. Wash. Dec. 16, 2024); *Dudley v. Transdev N. Am. Inc.*, No. C24-00810-KKE, 2024 WL 5318337 (W.D. Wash. Dec. 12, 2024); *Perry v. The Boeing Co.*, No. 2:24-cv-01000-RSL, 2024 WL 4867023 (W.D. Wash. Nov. 22, 2024*); Spencer v. Total Renal Care Inc.*, No. 2:24-cv-01359-RSM, 2024 WL 4834901 (W.D. Wash. Nov. 20, 2024); *Wright v. HP Inc.*, 2:24-cv-01261-MJP, 2004 WL 4678268 (W.D. Wash. Nov. 5, 2024); *Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-cv-05486-DGE, 2024 WL 4164245 (W.D. Wash. Sept. 12, 2024). Most cases in which remand was denied involved either a specific allegation that plaintiff applied for the job "in good faith with the intent of gaining employment," *Branson v. Wash. Fine Wine & Spirits, LLC*, 2:24-cv-00589-JHC, Dkt. # 1-2 at ¶ 19 (W.D. Wash.), or additional facts, such as a successful application and resulting employment relationship, giving rise to the plausible inference that plaintiff was exposed to a real risk

ORDER OF REMAND - 3

of receiving unfair or lower wages, *Moquete v. GNC Holdings, Inc.*, 3:24-cv-05393-BHS, 2024 WL 4553690 (W.D. Wash. Oct. 23, 2024).

The allegations of the complaint in this case are very similar to those in the earliest cases and virtually identical to those found in later cases filed by the same law firm. The Court agrees that the allegations of wasted time and an inability to evaluate, negotiate, and compare compensation packages do not suggest that plaintiff initiated the job search or application process with a good faith intent to obtain employment and they do not, standing alone, constitute an injury "that is concrete, particularized, and actual or imminent" enough to establish standing under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). *See also Atkinson*, 733 F. Supp.3d at 1069-70 ("The Ninth Circuit confirmed that the procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court. The plaintiff must further allege at least that the information had some relevance to her.") (internal quotation marks and citation omitted). Because there are no allegations of fact which, if accepted as true, give rise to a reasonable inference that plaintiff suffered an injury sufficient to establish Article III standing, defendants have not shown that federal jurisdiction exists.

Defendants argue that, following the Washington Supreme Court's resolution of a certified question in *Branson*,[2] plaintiff's EPOA claim will fail for lack of standing in state court as well, and that the Court should therefore dismiss the case rather than remand it in order to preserve judicial resources. The Honorable Richard A. Jones, United States District Judge, chose that route in *Wallace v. Marten Transp., Ltd.*, No. 2:24-cv-00872-RAJ, 2024 WL 4723751 (W.D. Wash. Nov. 8, 2024). But the state Supreme Court's decision in *Branson* does not alter the federal court's Article III standing analysis and does not resolve the issue of whether statutory standing exists in state court. Rather, the *Branson*

---

[2] *Branson v. Wash. Fine Wine & Spirits, LLC*, 5 Wn.3d 289 (2025).

ORDER OF REMAND - 4

court addressed the meaning of "job applicant" under EPOA and clarified "that a plaintiff does not have to prove they are a 'bona fide' or 'good faith' applicant to qualify as a 'job applicant' that can sue to obtain remedies under the statute." *Hill v. Les Schwab Tire Centers of Washington LLC*, No. 2:24-cv-425-BJR, 2025 WL 3062646, at *5 (W.D. Wash. Oct. 31, 2025). To the extent defendants invite the undersigned to evaluate whether the state court has jurisdiction to hear plaintiff's claims, the Court declines to do so. As discussed above, a lack of Article III standing implicates the Court's subject matter jurisdiction, *i.e.*, its power to hear and resolve the claims asserted.

> In an ordinary removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." [28 U.S.C.] § 1447(c) (emphasis added). No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court. *Kelton Arms* [*Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir. 2003)]. Moreover, the district court generally must remand the case to state court, rather than dismiss it. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

*Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). Because plaintiff lacks standing to pursue the EPOA claim in federal court, this Court does not have the power to determine how the King County Superior Court will rule on either the standing or the merits issues.

Finally, to the extent defendants argue that remand is not appropriate in this case because removal was accomplished under CAFA, the Court disagrees. "CAFA gives federal courts jurisdiction over certain class actions, defined in [28 U.S.C.] § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

ORDER OF REMAND - 5

U.S. 81, 84–85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)). While there is "no antiremoval presumption" in "cases invoking CAFA" jurisdiction," *id*. at 89, "[t]he rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case," *Hill v. Airgas USA LLC*, No. 2:25-CV-01531, 2025 WL 3640901, at *2 (W.D. Wash. Dec. 16, 2025) (quoting *Polo*, 833 F.3d at 1196).

For all of the foregoing reasons, plaintiff's motion for remand is GRANTED. The Clerk of Court is directed to remand this matter to King County Superior Court.

Dated this 18th day of February, 2026.

Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 6